UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


DOUGLAS A. BERKHEIMER                )
                                     )
v.                                   )          NO. 2:05-CV-180
                                     )
JO ANNE B. BARNHARDT,                )
Commissioner of Social Security      )


## MEMORANDUM OPINION

The plaintiff Douglas A. Berkheimer has filed a motion for summary judgment

on his complaint to obtain judicial review of the final decision of the defendant

Commissioner of Social Security Jo Anne B. Barnhardt denying his application for

disability insurance benefits under the Social Security Act. The defendant has also

filed a motion for summary judgment.

Mr. Berkheimer was born in 1965 and was 38 years old at the time of his

administrative hearing. [Tr. 34]. He completed tenth grade and has relevant past

work experience as a backhoe owner/operator and mechanic. [Tr. 26]. Mr.

Berkheimer alleges he is disabled from a herniated disc, hiatal hernia,

hemachromatosis, bilateral sciatica, acid reflux, fibromyalgia, neuralgia, degenerative

disc disease, occipital neuralgia, and depression. [*Id.*]. The Administrative Law

Judge [ALJ] determined that the issue before him was whether Mr. Berkheimer was disabled from October 23, 2002 (the date he claims he became disabled), through December 31, 2002 (the date he was last insured). [Tr. 25]. Based upon a finding that his severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Mr. Berkheimer was not disabled as defined by the Social Security Act. [Tr. 33].

At Mr. Berkheimer's administrative hearing held on August 23, 2004, the testimony of medical experts Drs. Thomas Schacht and Edward Griffin and vocational expert Dr. Norman Hankins was received into evidence. [Tr. 527-59].

Dr. Schacht testified Mr. Berkheimer had a borderline IQ. [Tr. 532]. He also testified that Mr. Berkheimer took a number of medications that had a sedative effect. [Tr. 533]. According to the doctor, on or before December 31, 2002, Mr. Berkheimer suffered from a mild depressive disorder. [Tr. 546].

Dr. Griffin testified that he did not believe there was an organic basis for any of Mr. Berkheimer's cognitive disorders. [Tr. 553]. Dr. Griffin also noted there was no change in the mentation reported by Dr. Donald Vollmer of Mr. Berkheimer from 2001 until December 31, 2002. [Tr. 559].

Vocational expert Dr. Norman Hankins testified next and was asked to assume a younger man who could lift 40 pounds occasionally, 20 pounds frequently, and had

no other exertional limitations who also had a limited education and borderline intellectual functioning. [Tr. 557]. Such a person also had a fair to satisfactory ability to make occupational adjustments, a poor ability to understand, remember, and carry out complex instructions, a fair ability to understand, remember, and carry out non-complex instructions, and a good ability to understand and carry out simple job instructions. [*Id*.]. According to Dr. Hankins, such a person could work as a vehicle washer, equipment cleaner, hand packer, assembler, sorter, office cleaner, and restaurant worker. [*Id*.].

The ALJ ruled that Mr. Berkheimer was not disabled during the time frame in question because his severe impairments of osteoporosis, fibromyalgia, hemocyterosis, and borderline intellectual functioning were not severe enough for a finding of disability. [Tr. 33]. The ALJ then found that through October 23, 2002, and December 31, 2002, Mr. Berkheimer retained the residual functional capacity [RFC] to perform work which required the occasional lifting of 40 pounds and the frequent lifting of 20 pounds. [*Id*.]. With those limitations, Mr. Berkheimer could perform work that exists in significant numbers in the national economy. [Tr. 36].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a

3

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Berkheimer requests summary judgment and challenges the weight the ALJ afforded to the opinion of one of his treating physicians, Dr. Vollmer. In February 2002, Dr. Vollmer indicated Mr. Berkheimer was disabled from fibromyalgia, severe chronic lower back pain, tension headaches, and insomnia. [Tr. 107]. In addition, Dr. Vollmer indicated in August 2002 that with Mr. Berkheimer's RFC he could lift/carry 10 pounds occasionally, lift/carry five pounds frequently, and sit/stand/walk for four hours out of an eight-hour workday. [Tr. 193-94].

Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See

4

20 C.F.R. § 404.1527 (d)(2).

At the outset, this court notes that Dr. Vollmer did not examine or see Mr. Berkheimer from the critical period of October 23, 2002, through December 31, 2002. In fact, Mr. Berkheimer provided no new or material evidence for this time frame from any medical source. [Tr. 34]. Dr. Vollmer's RFC finding was wildly inconsistent with those of other medical professionals. For example, Dr. Griffin, who testified at the administrative hearing, indicated Mr. Berkheimer could lift 40 pounds occasionally and 20 pounds frequently. [Tr. 529]. In May 2002, Dr. George Bounds reviewed Mr. Berkheimer's medical record and concluded he could occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, and sit/stand/walk for six hours out of an eight-hour workday. [Tr. 141]. In July 2002, Karl Konrad, M.D., Ph.D., indicated Mr. Berkheimer's abilities to lift/carry, sit, stand, and walk were not affected at all by any impairments. [Tr. 171-73].

Because Dr. Vollmer's assessment of Mr. Berkheimer was both in conflict with other substantial evidence and not supported by the medical record, the ALJ's decision not to rely upon it was made with substantial evidence.

After careful consideration of the entire record of proceedings related to this case, Mr. Berkheimer's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:


 s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE